IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1999 SESSION

FILED

November 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARK SHANE GRIFFIS, | * | C.C.A. No. 03C01-9811-CR-00397 |
| Appellant, | * | ROANE COUNTY |
| VS. | * | Hon. E. Eugene Eblen, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Joe Walker
Public Defender
Ninth Judicial District
P.O. Box 334
Harriman, TN  37748-0334

Alfred Lee Hathcock, Jr.
Assistant Public Defender
Ninth Judicial District
P.O. Box 334
Harriman, TN  37748-0334

Walter Johnson
Assistant Public Defender
Ninth Judicial District
P.O. Box 334
Harriman, TN  37748-0334

For Appellee:

Paul G. Summers
Attorney General & Reporter

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN  37243-0493

Charles Hawk
District Attorney General
Ninth Judicial District
P.O. Box 703
Kingston, TN  37763-0703

D. Roger Delp
Assistant District Attorney General
Ninth Judicial District
P.O. Box 703
Kingston, TN  37763-0703

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

**OPINION**

The petitioner, Mark Shane Griffis, appeals the trial court's denial of post-conviction relief.  The single issue presented for review is whether the petition was barred by the statute of limitations.

We affirm the judgment of the trial court.

On March 15, 1995, the petitioner entered a plea of guilt to the sale of .5 gram of cocaine. On August 1, 1995, the petitioner received a sentence of eight years in a community corrections program. He did not appeal. Later, the trial court revoked the community corrections sentence and ordered the petitioner to serve the term in the Department of Corrections. The order was upheld on direct appeal. State v. Mark Griffis, No. 03C01-9708-CR-00358 (Tenn. Crim. App., at Knoxville, Oct. 13, 1998.). Two years and four months after the imposition of sentence, the petitioner filed this petition for post-conviction relief alleging that the prosecution withheld exculpatory evidence, that his guilty plea was neither knowingly nor voluntarily entered, and that his counsel was ineffective. The trial court dismissed the petition on the basis that it was barred by the statute of limitations. The petitioner asserts that the application of the statute of limitations would abridge his right to due process. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

Under the Post-Conviction Procedure Act of 1995, a petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Thus, this petition, filed well past limitations of the statute, is barred.

There are exceptions. If the claim is based upon a new rule of constitutional law, upon new scientific evidence showing innocence, or upon a sentence that was enhanced because of convictions that have subsequently been found to be illegal, then the petitioner has recourse. Tenn. Code Ann. § 40-30-202(b).

2

Neither ineffective assistance of counsel, the entry of an invalid guilty plea, nor withholding exculpatory evidence qualify as new constitutional grounds for relief. See Strickland v. Washington, 466 U.S. 668 (1984); Boykin v. Alabama, 395 U.S. 238 (1969). Thus, the allegations in the petition do not satisfy any exception to the statute of limitations. Moreover, the application of the statute of limitations in this instance does not run afoul of due process principles.

In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations the application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner with a fair and reasonable opportunity to file suit. Id. In Burford, the petitioner could not have filed within the three-year limitation absent a determination on his prior post-conviction petition. Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation." Id. There was no such trap here.

In Sands v. State, 903 S.W.2d 297 (Tenn. 1995), our supreme court further defined how to apply the Burford test. The requirements are to:

> 1) determine when the limitations period would normally have begun to run;
> 2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
> 3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the state's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d at 301 (citations omitted) (quoting Burford, 845 S.W.2d at 207, 208).

By the use of these guidelines, we have determined that the statute of

limitations for this petitioner's convictions expired in 1996. Because these claims have always been available to the petitioner, none of the grounds fit within the exception to the rule. The trial court did not err by dismissing the post-conviction petition.

Accordingly, the judgment is affirmed.

Gary R. Wade, Presiding Judge

CONCUR:

Jerry L. Smith, Judge

James Curwood Witt, Jr., Judge

4